UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

IN RE:                                          Chapter 7 Case

MICHEL GARAY,                                   Case No. 3:11-bk-00820-PMG

     Debtor.
_____/

MICHEL GARAY,                                   Adv. Proc. No. 3:11-ap-00108-PMG

     Plaintiff,
vs.

NELNET, INC.,

     Defendant.
_____/

**EDUCATIONAL CREDIT MANAGEMENT CORPORATION'S ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(8)**

     Educational Credit Management Corporation ("ECMC"),[1] the successor in interest to

eight (8) student loans at issue in this adversary proceeding, hereby submits its Answer in

---

[1]     Above-named defendant, Nelnet, Inc. ("Nelnet") a/k/a Wells Fargo ELT Nelnet Trust ("Nelnet"), is the lender of the federally-backed student loans (the "Loans") at issue in this adversary proceeding. Plaintiff's Loans were made pursuant to the Federal Family Educational Loan Program ("FFELP"). Because federal regulations prohibit lenders of FFELP loans from holding interests in student loans that are subject to a bankruptcy adversary proceeding, Nelnet filed a claim under the Loans' guaranties with the guarantor, the Florida Department of Education OSFA ("FDOE").

     ECMC is also a guarantor in the FFELP and acts as a specialized guarantor in that it accepts assignment from other guaranty agencies in the FFELP where a borrower has filed bankruptcy and/or has initiated an adversary proceeding regarding the student loan debt owed. By agreement, FDOE assigns to ECMC for defense its loans that are subject to an adversary proceeding.

response to Plaintiff's *Complaint to Determine Dischargeability of Pursuant to 11 U.S.C. §
523(a)(8)* (the "Complaint"), and in support thereof, ECMCs state as follows:

1.      The allegations in paragraph 1 of the Complaint state a legal conclusion to which
no response is required.  Subject to the foregoing, ECMC admits the allegation that the Court has
jurisdiction of this matter pursuant to 28 U.S.C. § 1334.

2.      The allegations in paragraph 2 of the Complaint state a legal conclusion to which
no response is required.  Subject to the foregoing, ECMC admits the allegation that this is a core
proceeding.

3.      The allegations in paragraph 3 of the Complaint state a legal conclusion to which
no response is required.  Subject to the foregoing, ECMC admits that this action is based upon 11
U.S.C. § 523(a)(8), but denies that Plaintiff meets the requirements of §523(a)(8).

4.      The allegations in paragraph 4 of the Complaint state a legal conclusion to which
no response is required.  Subject to the foregoing, ECMC admits the allegations in paragraph 4.

5.      The allegations in paragraph 5 of the Complaint state a legal conclusion to which
no response is required.  Subject to the foregoing, ECMC denies the allegations in paragraph 5.

6.      ECMC admits the allegations in paragraph 6 of the Complaint.

7.      ECMC is without sufficient information to admit or deny the allegations in
paragraph 7 of the Complaint; therefore, ECMC denies the allegations.

---

Once FDOE's assignment of the Loans is completed, ECMC will file a motion for
substitution or intervention as the proper party defendant in order to be substituted or included as
a party defendant in place of or in addition to Nelnet, which no longer presently has any interest
in or to the Loans.  In anticipation of the granting of such a motion, ECMC is filing the instant
Answer.

8.    ECMC is without sufficient information to admit or deny the allegations in paragraph 8 of the Complaint as to whether the Loans owed by Plaintiff are listed in Schedule F; therefore, ECMC denies the allegations.   ECMC also denies the allegations that the Loans are "owning to Defendant." ECMC admits that the Loans that are the subject of the Complaint are student loans, and further states that the Loans are owed to ECMC.

9.    ECMC admits that Plaintiff owes an unsecured – presumptively non-dischargeable student loan – debt of an amount proximately as alleged.  ECMC denies that this debt is owed to Nelnet and affirmatively states that the debt is owed to ECMC as holder of the Loans.

10.    ECMC admits the allegation in paragraph 10 of the Complaint.

11.    ECMC is without sufficient information to admit or deny the allegations in paragraph 11 of the Complaint; therefore, ECMC denies the allegations.

12.    ECMC is without sufficient information to admit or deny the allegations in paragraph 12 of the Complaint; therefore, ECMC denies the allegations.

13.    ECMC is without sufficient information to admit or deny the allegations in paragraph 13 of the Complaint; therefore, ECMC denies the allegations.

14.    ECMC is without sufficient information to admit or deny the allegations in paragraph 14 of the Complaint; therefore, ECMC denies the allegations.

15.    ECMC is without sufficient information to admit or deny the allegations in paragraph 15 of the Complaint; therefore, ECMC denies the allegations.

16.    ECMC is without sufficient information to admit or deny the allegations in paragraph 16 of the Complaint; therefore, ECMC denies the allegations.

17.    ECMC is without sufficient information to admit or deny the allegations in paragraph 17 of the Complaint; therefore, ECMC denies the allegations.

18.    ECMC is without sufficient information to admit or deny the allegations in paragraph 18 of the Complaint; therefore, ECMC denies the allegations.

19.    ECMC denies the allegations of paragraph 19 of the Complaint.

20.    ECMC is without sufficient information to admit or deny the allegations in paragraph 20 of the Complaint; therefore, ECMC denies the allegations.

21.    Except as expressly admitted herein, ECMC denies all allegations in the Complaint.

**RASCO KLOCK REININGER PEREZ**
**ESQUENAZI VIGIL & NIETO**
Attorneys for ECMC
283 Catalonia Avenue, Second Floor
Coral Gables, Florida 33134
Telephone: (305) 476-7100
Facsimile:  (305) 476-7102

By: /s/ John D. Eaton
        JOHN D. EATON
        Florida Bar No. 0861367
        jeaton@rascoklock.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Answer was served via either U.S. Mail, postage prepaid or CM/ECF transmission, on this 25th day of March, 2011, to Gust G. Sarris, Esq., 3947 Blvd. Ctr. Dr., Ste 101, Jacksonville, FL 32207.

By: /s/ John D. Eaton
        John D. Eaton

4813-4554-5225, v. 2

4